Case No: 5:02cr510  
PTSO: [DMA]    PO: [RCR]

Filed: 10/19/06  
Doc. #76

IN THE UNITED STATES DISTRICT COURT  
FOR THE WESTERN DISTRICT OF TEXAS  
SAN ANTONIO DIVISION

**FILED**  
OCT 19 2006  
CLERK, U.S. DISTRICT COURT  
WESTERN DISTRICT OF TEXAS  
BY_____  
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA | § § |
| vs. | § DOCKET NO. SA-02-CR-510(02) |
| ROBERTO VASQUEZ<br>Alias: Mario Cervantes | § |

**DR06CR0993**

### TRANSFER OF JURISDICTION

On this day came to be considered the above-styled and numbered cause. Defendant Roberto Vasquez began his term of supervised release on July 7, 2006. As Vasquez resides in the Del Rio area, he is supervised by the United States Probation Office in Del Rio, Texas. On October 5, 2006, the offender admitted to cocaine use. In order for any future matters to be heard in the division were Vasquez is under supervision, the Court finds that jurisdiction of this case should be transferred from the San Antonio Division to the Del Rio Division.

It is therefore ORDERED that the above-styled and numbered cause be, and it is hereby, TRANSFERRED to the DEL RIO DIVISION OF THE WESTERN DISTRICT OF TEXAS.

It is further ORDERED that the District Clerk's Office in San Antonio, Texas, transfer the file to the District Clerk's Office in Del Rio, Texas, *and reassign this case to Judge Ludlum*.

SIGNED AND ENTERED this ___19___ day of ___October___, 2005.

_____  
Orlando L. Garcia  
U.S. District Judge

A true copy of the original, I certify.  
Clerk, U.S. District Court  
By _____ Deputy

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

FILED
Oct 2  12 45 PM '02

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NO. SA-02-CR- |
| | ) | |
| Plaintiff, | ) | **I N D I C T M E N T** |
| v. | ) | |
| | ) | [Vio.:  21 U.S.C. § 846: |
| **LUZ MARIA CHANCEY, (1)** | ) | Conspiracy to Distribute and |
| **ROBERTO VASQUEZ, (2)** | ) | Possess With Intent to |
| | ) | Distribute Marijuana; 21 U.S.C. |
| | ) | §§ 841(a)(1) and 841(b)(1)(D): |
| | ) | Possession With Intent to |
| | ) | Distribute Marijuana; 18 U.S.C. |
| Defendants. | ) | § 2: Aiding and Abetting.] |

SA02CR5100G

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
[21 U.S.C. § 846]

That beginning on or about September 18, 2002, in the Western District of Texas, and divers other places, Defendants,

**LUZ MARIA CHANCEY, AND**
**ROBERTO VASQUEZ,**

and others known and unknown to the Grand Jury, did unlawfully, willfully and knowingly combine, conspire, confederate, and agree together and with one another to distribute and possess with intent to distribute a controlled substance, which offense involved less than 50 kilograms of marijuana, a Schedule I Controlled Substance, contrary to Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), and in violation of Title 21, United States Code, Section 846.

A true copy of the original, I certify.
Clerk, U. S. District Court
By _____
Deputy

## COUNT TWO
[21 U.S.C. § 841(a)(1)]
[18 U.S.C. § 2]

That on or about September 18, 2002, in the Western District of Texas, Defendants,

**LUZ MARIA CHANCEY, AND
ROBERTO VASQUEZ,**

did unlawfully, knowingly and intentionally aid and abet one another to possess with intent to distribute a controlled substance, which offense involved ~~in excess of~~ less than 50 kilograms of marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D) and Title 18, United States Code, Section 2.

[initialed] 10/2/02

A TRUE BILL.

_____
FOREPERSON

JOHNNY SUTTON
United States Attorney

By: _____
CHARLIE STRAUSS
Assistant United States Attorney

2

AO 245 S (Rev. 04/02)(W.D.TX.) - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Western District of Texas
### SAN ANTONIO DIVISION

FILED
JUN 02 2003
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEPUTY CLERK

UNITED STATES OF AMERICA

v.

ROBERTO VASQUEZ
**Alias:** Mario Cervantes

Defendant.

Case Number   SA-02-CR-510 (02)-OG
USAO Number   2002R05703

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, ROBERTO VASQUEZ, was represented by Mr. Kurt Gene May, Assistant Federal Public Defender.

On motion of the United States, the Court has dismissed Count(s) Two (2) of the Indictment.

The defendant pled guilty to Count(s) One (1) of the Indictment on February 12, 2003. Accordingly, the defendant is adjudged guilty of such Count(s), involving the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 USC § 846 Contrary to 21 USC § 841(a)(1) & 21 USC § 841(b)(1)(D) | Conspiracy to Distribute and Possess With Intent to Distribute Less Than 50 Kilograms of Marijuana | 09/18/02 | 1 |

As pronounced on May 29, 2003, the defendant is sentenced as provided in pages 2 through 5 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $100.00. Payment of the special assessment shall begin immediately. Said special assessment shall be made to the Clerk, U. S. District Court, 655 E. Durango Boulevard, San Antonio, Texas 78206.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the Court and United States Attorney of any material change in the defendant's economic circumstances.

Signed this the 30 day of May, 2003.

_____
ORLANDO L. GARCIA
United States District Judge

Defendant's SSN: 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
Defendant's Date of Birth: December 20, 1972
Defendant's residence address: Rt. 1 Box 1015, Chula Vista, Eagle Pass, Texas 78852 (Mother's address)

63.

A true copy of the original, I certify.
Clerk, U. S. District Court
By _____
Deputy

AO 245 S (Rev. 04/02)(W.D.TX.) - Imprisonment

Judgment--Page 2

Defendant: ROBERTO VASQUEZ
Case Number: SA-02-CR-510 (02)-OG

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **THIRTY-THREE (33) MONTHS**. The sentence imposed herein shall run concurrently with any motion to revoke.

The Court makes the following recommendations to the Bureau of Prisons:
(1) That the defendant serve this sentence at Federal Correctional Institution, Bastrop, Texas.

The defendant shall remain in custody pending service of sentence.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

AO 245 S (Rev. 04/02)(W.D.TX.) - Supervised Release

Judgment--Page 3

Defendant: ROBERTO VASQUEZ
Case Number: SA-02-CR-510 (02)-OG

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **THREE (3) YEARS**.

While on supervised release, the defendant shall comply with the mandatory and standard conditions that have been adopted by this Court as set forth on page 4 of this judgment; and shall comply with the following additional conditions:

X   The defendant shall participate in a program approved by the Probation Officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing and examination to determine if the defendant has reverted to the use of drugs or alcohol. The defendant shall not be required to contribute to the costs of services rendered.

X   The defendant shall abstain from the use of alcohol and/or all other intoxicants during the term of supervision.

AO 245 S (Rev. 09/01)(W.D.TX.) - Supervised Release

Judgment--Page 4

Defendant: ROBERTO VASQUEZ
Case Number: SA-02-CR-510 (02)-OG

## CONDITIONS OF SUPERVISION

**Mandatory Conditions:**

1) The defendant shall not commit another federal, state, or local crime.

2) The defendant shall not illegally possess a controlled substance.

3) If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any schedule of payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant shall cooperate with the Probation Officer in meeting any financial obligations.

4) In supervised release cases only, the defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

5) If convicted of a felony, the defendant shall not posses a firearm, destructive device or any other dangerous weapon.

6) For offenses committed on or after September 13, 1994, the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter, as directed by the Probation Officer.

The above drug testing condition may be suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

**Standard Conditions:**

1) The defendant shall not leave the judicial district without the permission of the Court or Probation Officer.

2) The defendant shall report to the Probation Officer and shall submit a truthful and complete written report within the first five days of each month.

3) The defendant shall answer truthfully all inquires by the Probation Officer and follow the instructions of the Probation Officer.

4) The defendant shall support his or her dependents and meet other family responsibilities.

5) The defendant shall work regularly at a lawful occupation unless excused by the Probation Officer for schooling, training or other acceptable reasons.

6) The defendant shall notify the Probation Officer at least ten days prior to any change in residence or employment.

7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.

8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the Probation Officer.

10) The defendant shall permit a Probation Officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the Probation Officer.

11) The defendant shall notify the Probation Officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12) The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the Court.

13) As directed by the Probation Officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the Probation Officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245 S (Rev. 04/02)(W.D.TX.) - Fine

Judgment--Page 5

Defendant: ROBERTO VASQUEZ
Case Number: SA-02-CR-510 (02)-OG

**FINE**

The fine is waived because of the defendant's inability to pay.